**ARIZONA SOCIALIST WORKERS CAMPAIGN COMMITTEE, et al., Plaintiffs-Appellants,**

v.

**Donna CULBERTSON, et al., Defendants-Appellees.**

No. 84–1546.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 1984.

Decided April 3, 1985.

Bruce Feder, Phoenix, Ariz., for plaintiffs-appellants.

Steven J. Silver, Campana & Horne, P.C., Phoenix, Ariz., for defendants-appellees.

Before DUNIWAY, KENNEDY, and ANDERSON, Circuit Judges.

DUNIWAY, Circuit Judge:

This is an action for declaratory and injunctive relief, seeking to prevent the enforcement of Arizona statutes requiring the public disclosure of political campaign finance information. The plaintiffs-appellants are the campaign committee of the Arizona Socialist Workers Party and contributors and distributees of its campaign funds. The defendants-appellees are various state and municipal officers charged with the enforcement of the election statutes and ordinances.

The statutes involved are Ariz.Rev.Stats. Tit. 16, §§ 906–909, 912–915, and 918. They require that each candidate and campaign committee file with designated officials the names and addresses of persons who contributed over $25.00 to, or who received any money from, the candidate or committee. The statutes apply to state elections and to Phoenix municipal elections. (Phoenix City Charter, Ch. 17, § 5.)

In November, 1983, the parties filed a detailed stipulation of facts, showing harassment of the Socialist Workers Party and its supporters. The parties also stipulated to a judgment, which was entered on December 9, 1983. It provides, in pertinent part:

*RECORDKEEPING AND REPORTING.*

  •    •    •    •    •

[P]laintiffs cannot constitutionally be compelled to comply with the reporting requirements of the Statutes or Charter to the extent that such provisions require the public reporting of any identifying information relevant to any contributor, lender, guarantor, endorser or recipient of any expenditure by plaintiffs, political committee supporting and candidates of the Socialist Workers Party.

Six days later, on December 15, 1983, and in response to a request of the defendants, the court issued an order which reads in part:

1. Plaintiffs shall keep and maintain all of the records which the Statutes and Charter obligate them to maintain in the manner required by law.

2. Plaintiffs shall file the reports required by the Statutes and Charter under seal with the Clerk of the Court of the United States District Court for the District of Arizona in the manner required by the Statutes and Charter. Access to the records so filed shall be governed by the provisions of Section II of this Order entitled "Access".

3. The amount and nature of expenditures reported pursuant to A.R.S. § 16–901, *et seq.* shall not be consolidated, but shall be reported for each person to whom expenditures have been made, broken down by category, e.g., postage, office supplies, printing, salary, per diem and travel expenses.

II. ACCESS.

1. If pursuant to A.R.S. § 16–901, *et seq.*, defendants find reason to believe that any of the plaintiffs have violated a statutory provision of the Statutes and/or Charter, other than those relating to disclosure of the identity of contributors and/or persons to whom expenditures are made and further find that the information being withheld by plaintiffs is necessary for an investigation of that alleged violation, then the defendants may apply to this Court for an order requiring the production of such information. The Court, after a hearing, shall enforce such subpoenas only upon a finding that the defendants have demonstrated that they have reason to believe that the plaintiffs have violated a provision of the Statutes and/or Charter other than those relating to disclosure of the identity of contributors and/or persons to whom expenditures are made. The Court may condition such production on such protective orders as the Court deems necessary to protect plaintiffs secured by the First Amendment to the United States Constitution and Article 2, §§ 4, 5, 6 and 8 of the Arizona Constitution.

2. Nothing in this Order shall prevent the defendants from conducting an investigation of plaintiffs pursuant to the powers granted it under the Statutes and Charter for violations of statute and code provisions other than those relating to the disclosure of the identity of contributors and/or persons to whom expenditures are made, or from inspecting the names of contributors and recipients of expenditures under the procedures set forth in this section. However, defendants shall not conduct any audits of plaintiffs' records pursuant to their powers under A.R.S. § 16–703 without an order of the Court.

It is from this order that plaintiffs appeal.

Appellees suggest that they stipulated only to an exemption of the plaintiffs from the "public disclosure" requirements of the applicable Arizona statutes. Public disclosure, however, lies at the essence of these statutes; no substance remains when such requirements are removed. These statutes do not provide for discretion; they mandate only that the specified financial information be filed "with the officer with whom nomination petitions for the office [the candidate] seeks are required to be filed." A.R.S. §§ 16–907, 909. *See also* A.R.S. § 16–907, "These statements shall be preserved by the officer with whom filed and shall be subject to inspection and publication," and A.R.S. § 16–916, "The statements in this article required to be filed shall be filed in the office of the secretary of state for candidates for state offices...."

The court's order of disclosure under seal cannot be construed as a valid application of the foregoing provisions. In their stipulation for judgment, the parties agreed that the court should enjoin enforcement of the campaign disclosure statutes against appellants during the designated exemption period. The district court had no jurisdiction to invent and impose its own disclosure scheme, a scheme with no basis in Arizona's statutory language. It is one thing for a federal court to enjoin application of a state law that violates the United States Constitution. That is what the December 9, 1983 judgment did. It is quite another thing for a federal court to create its own reporting and filing scheme. The right to create and revise Arizona election statutes belongs to the Arizona legislature. A federal court has no such authority.

The order of December 15, 1983, is reversed.